IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

EDDIE FEEZELL,                              )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )        No. 2:03-CV-396
                                            )        (Guyton)
ALLTRISTA ZINC PRODUCTS                     )
COMPANY,                                    )
                                            )
        Defendant.                          )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73(b)

of the Federal Rules of Civil Procedure, for all further proceedings, including entry of judgment.

[Doc. 7].

This case came before the Court on May 17, 2005, for a hearing on the plaintiff's

Motion For Additional Time [Doc. 31], wherein the plaintiff seeks leave of Court to file a sur-reply

brief relative to the pending Motion For Summary Judgment filed by the defendant. The defendant

filed an opposition [Doc. 33] to the said Motion [Doc. 31]. Based on the oral arguments of counsel,

the entire record in this case, and the recent holding of the Court of Appeals in the case of Seay v.

T.V.A., 339 F.3d 454, 481 (6th Cir. 2003), the Court finds that the plaintiff's Motion For Additional

Time [Doc. 31] is well-taken and is **GRANTED**.

The defendant, therefore, shall produce (if it is has not already done so) to the

plaintiff, on or before **May 31, 2005**, the following documents:

1

1.  The "company data" (production data and other reports) referenced at page 2 of the Supplemental Declaration of Gary Randles;

2.  Grievances, if any, referenced in said supplemental declaration;

3.  OSHA safety reports/records, if any, referenced in said supplemental declaration;

4.  "Production records" and any other documents referenced in the Supplemental Declaration of J. William Musick, including monthly production reports of Campbell for October, November and December, 2004;

5.  Annual performance appraisals for William Teaster for 1999 - 2003; and

6.  Staffing level documents in the primary department that show the number of temporary workers employed, if any.

Plaintiff's sur-reply to Defendant's Reply in support of Motion for Summary Judgment shall be filed on or before **June 14, 2005**.  Hearing and oral argument on Defendant's Motion for Summary Judgment shall take place on **June 22, 2005 at 1:30 p.m. in Greeneville**.  The trial date of **September 20, 2005** shall remain unaffected.

Finally, plaintiff seeks relief from the Protective Order [Doc. 24] in this case, arguing that defendant has filed confidential documents not under seal.  The Court will not relieve either party from its obligations under the Protective Order.  If either party believes that a document has not been filed under seal, which should have been filed under seal, the party will advise the other party by letter.  The party receiving such a letter shall either immediately cure the noncompliance or seek a telephone conference with the Court to explain why no violation of the Protective Order has occurred.

**IT IS SO ORDERED.**
                            **ENTER:**

                            _s/ H. Bruce Guyton_
                            United States Magistrate Judge