UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| EDDIE FEEZELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:03-CV-396 |
| ) | (Guyton) |
| ALLTRISTA ZINC PRODUCTS ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment. [Doc. 8].

The defendant moves to amend the Scheduling Order [Doc. 3] previously entered in this case to remove all references to a jury trial and to reflect that this case shall be tried by this Court from the bench. [Doc. 41].

This civil action was originally filed on November 10, 2003. [Doc. 1]. The complaint does not demand a trial by jury. However, the plaintiff did place a check in the box on the civil cover sheet indicating that a jury demand has been made. On December 9, 2003, the defendant filed an answer. [Doc. 2]. The defendant did not make a jury demand in its answer. The Honorable J. Ronnie Greer held a scheduling conference on April 8, 2004 and thereafter entered a Scheduling Order, which states that this case is set for a trial <u>by jury</u> to commence on May 3, 2005. [Doc. 3]. This matter was subsequently referred to the undersigned on July 27, 2004. [Doc. 10].

Rule 38 of the Federal Rules of Civil Procedure requires that a party make a written demand for a trial by jury no later than ten days after the service of the last pleading directed to a triable issue. Fed. R. Civ. P. 38(b). Such a demand was not made in this case. Although the plaintiff checked "jury demand" on the Civil Cover Sheet, "matters appearing only on the civil cover sheet have no legal effect in the action;" thus, a notation on the civil cover sheet is insufficient to satisfy Rule 38. <u>See</u> E.D. TN. LR 3.1; <u>Cochran v. Birkel</u>, 651 F.2d 1219, 1221 n.4 (6th Cir. 1981).

At the motion hearing on June 22, 2005, when it came to the Court's attention that a jury demand apparently had not been properly made, the plaintiff made an oral motion for a trial by jury. Rule 39(b) of the Federal Rules of Civil Procedure provides that the Court may, in its discretion and upon motion by a party, order a jury trial as to any issue even if the motion was not timely. The Court has wide discretion in ruling on a Rule 39(b) motion. <u>Moody v. Pepsi-Cola Metro. Bottling Co.</u>, 915 F.2d 201, 207 (6th Cir. 1990). "The court's discretion should be exercised in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary." <u>Kitchen v. Chippewa Valley Schools</u>, 825 F.2d 1004, 1013 (6th Cir. 1987) (internal quotation marks omitted).

The Scheduling Order [Doc. 3] entered on April 12, 2004 clearly states that this is to be a jury trial. If this designation was in fact erroneous, the defendant should have timely filed a motion to correct that error. The Scheduling Order, however, remained in effect without objection for well over a year before the issue arose during the June 22, 2005 motion hearing.

The Court finds that the defendant will not suffer any undue prejudice if this case remains designated for a jury trial. Furthermore, the Court finds that the interests of justice would be best served by granting the plaintiff's oral motion for a trial by jury.

For these reasons, the plaintiff's oral motion for a trial by jury is **GRANTED**, and the defendant's Motion to Amend Scheduling Order [Doc. 41] is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge

3